UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZWG TRUST,<br><br>   Plaintiff,<br>v.<br><br>5 STAR LIFE INSURANCE COMPANY, *et al.*<br><br>   Defendants.<br>_____<br>5 STAR LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br> vs.<br><br>WILLIAM R. LENHARD, II and<br>ZWG TRUST,<br><br>   Defendants.<br>_____ | Case No.: 3:14-cv-00347-LRH-WGC<br><br>Consolidated Case Numbers:<br>3:14-cv-0347-LRH-WGC<br>3:14-cv-0418-LRH-WGC<br><br><br>ORDER |

Before the court is defendant 5 Star Life Insurance Company's ("5 Star") motion to transfer venue to the District of Montana, Great Falls Division. Doc. #6.[1] Plaintiff ZWG Trust filed an opposition (Doc. #16) to which 5 Star replied (Doc. #18).

**I. Facts and Procedural History**

This action was initiated by ZWG Trust as purported owner of life insurance policies taken out on behalf of members of the First Nations Tribe against 5 Star, the insurer, alleging that 5 Star wrongfully rescinded the insurance policies.

---

[1] Refers to the court's docket number.

On June 3, 2014, ZWG Trust filed a complaint in federal court in the District of Nevada. Doc. #1, Exhibit A. Thereafter, 5 Star filed the present motion to transfer venue to the District of Montana. Doc. #6.

**II. Discussion**

A district court may transfer any civil action to another district where the action may have been brought in the interest of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). A court evaluating a motion to transfer venue weighs multiple factors including the parties' contacts with the chosen forum, the ease of access to sources of proof and witnesses, and the difference in the cost of litigation between the two districts. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Here, those factors weigh in favor of transferring venue. First, neither party is domiciled in Nevada. Plaintiff ZWG Trust is organized under Canadian law and is located in Alberta, Canada while defendant 5 Star is a Louisiana company with its main office in Virginia. Second, this action involves insurance policies issued to residents of Montana and subject to Montana law. Third, the vast majority of relevant witnesses are located outside of Nevada. Finally, the costs of discovery and litigation in Nevada are substantially higher than Montana because of the travel costs involved for the multiple parties and witnesses residing outside of the state. Accordingly, the court shall grant 5 Star's motion and transfer this action.

IT IS THEREFORE ORDERED that defendant's motion to transfer venue (Doc. #6) is GRANTED. The clerk of court shall TRANSFER this action, 3:14-cv-0347-LRH-WGC, as well as consolidated action 3:14-cv-0418-LRH-WGC, to the United States District Court for the District of Montana, Great Falls Division.

IT IS SO ORDERED.

DATED this 13th day of January, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE